J-S10006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY WAYNE ISADORE | : | |
| | : | |
| Appellant | : | No. 943 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 18, 2023
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000528-2022

BEFORE:  OLSON, J., KING, J., and LANE, J.

JUDGMENT ORDER BY OLSON, J.:                    **FILED: APRIL 15, 2024**

Appellant, Terry Wayne Isadore, appeals from the judgment of sentence entered on July 18, 2023.  We affirm.

On July 18, 2023, Appellant pleaded guilty to the summary offenses of: driving while operating privilege is suspended or revoked; driving an unregistered vehicle; driving a vehicle with no rear lights; and, using an improper class of license.[1]  During the colloquy, the Commonwealth set forth the factual basis for Appellant's plea:

> The Commonwealth is prepared to prove beyond a reasonable doubt that on or about August 26, 2022, in McKean County, [Appellant] did operate a motor vehicle at a time when his operating privileges were suspended and he did drive or move the vehicle upon any highway or traffic-way which was not properly registered, and that [Appellant] operated on any highway a vehicle that was not equipped

---

[1] 75 Pa.C.S.A. §§ 1543(a), 1301(a), 4303(b), and 1504(a), respectively.

with a rear lighting system, and that he did unlawfully drive the motor vehicle upon a highway in the Commonwealth without a valid driver's license for the type or class of vehicle being driven. Specifically, he did not have a Type M license.

N.T. Guilty Plea, 7/18/23, at 7.

That day, the trial court sentenced Appellant to pay fines and court costs. *See* N.T. Sentencing, 7/18/23, at 7.

Appellant filed a timely notice of appeal. He raises one claim to this Court:

> Pursuant to ***Birchfield v. North Dakota***, 579 U.S. 43 (2016) and other authorities, is [75 Pa.C.S.A. § 1543(a)] unconstitutional because it improperly criminalizes [Appellant's] earlier refusal to submit to a warrantless blood draw?

Appellant's Brief at 4.

Appellant pleaded guilty to driving a motor vehicle while his operating privilege was suspended or revoked, under 75 Pa.C.S.A. § 1543(a). This section declares:

> Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.

75 Pa.C.S.A. § 1543(a).

On appeal, Appellant claims that this section is unconstitutional because "it improperly criminalizes [Appellant's] earlier refusal to submit to a

warrantless blood draw . . . in violation of **Birchfield**." Appellant's Brief at 10.

Appellant is incorrect. Section 1543(a) criminalizes the fact that Appellant drove his motor vehicle "after the commencement of a suspension . . . of the operating privilege and before the operating privilege has been restored." 75 Pa.C.S.A. § 1543(a). The section does not concern itself with or require an "earlier refusal to submit to a warrantless blood draw." **See** Appellant's Brief at 10. Thus, Appellant's constitutional attack upon Section 1543(a) fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/15/2024